UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

SONYA HALL MORGAN, }
}
    Plaintiff, }
}
v. } Case No.: 4:17-cv-01148-ACA
}
SOCIAL SECURITY }
ADMINISTRATION, }
COMMISSIONER, }
}
    Defendant. }

## MEMORANDUM OPINION

Plaintiff Sonya Hall Morgan appeals the decision of the Commissioner of Social Security denying her claim for a period of disability and disability insurance benefits. Based on the court's review of the administrative record and the parties' briefs, the court affirms the Commissioner's decision.

### I. PROCEDURAL HISTORY

Ms. Morgan applied for a period of disability and disability insurance benefits on September 15, 2014. (R. 37; 118). Ms. Morgan alleges that her disability began on July 13, 2009. (R. 37; 118). The Commissioner initially denied Ms. Morgan's claim on October 23, 2014. (R. 121-127). Ms. Morgan requested a hearing before an Administrative Law Judge (ALJ). (R. 128-130).

After holding a hearing, the ALJ issued an unfavorable decision on June 24, 2016. (R. 33-51). On May 3, 2017, the Appeals Council declined Ms. Morgan's request for review (R. 1), making the Commissioner's decision final and ripe for the court's judicial review. *See* 42 U.S.C § 405(g).

## II. STANDARD OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court "must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks and citation omitted). "Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists 'such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Winschel*, 631 F.3d at 1178). The court may not "decide the facts anew, reweigh the evidence," or substitute its judgment for that of the ALJ. *Winschel*, 631 F.3d at 1178 (internal quotations and citation omitted). The court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam) (internal quotation marks and citation omitted).

Despite the deferential standard for review of claims, the court must "'scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence.'" *Henry*, 802 F.3d at 1267 (quoting *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986)). Moreover, the court must reverse the Commissioner's decision if the ALJ does not apply the correct legal standards. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## III. ALJ'S DECISION

To determine whether an individual is disabled, an ALJ follows a five-step sequential evaluation process. The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

Here, the ALJ determined that Ms. Morgan has not engaged in substantial gainful activity from the alleged onset date of July 13, 2019 through her date last insured of December 31, 2014. (R. 40). The ALJ found that Ms. Morgan has the following severe impairments: fibromyalgia, lupus, osteoarthritis, migraine headaches, obsessive compulsive disorder, anxiety, and depression. (R. 40). The

3

ALJ then concluded that Ms. Morgan does not suffer from an impairment or combination of impairments that meets or medically equals the severity of one of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (R. 44).

After considering the evidence of record, the ALJ determined that through her date last insured, Ms. Morgan had the RFC to perform:

> light work as defined in 20 CFR 404.1567(b), which allowed for primarily work around things; casual contact with the general public; occasional contact with co-workers and supervisors; occasional stooping and crouching; no climbing; no driving; no unrestricted heights; simple, repetitive, non-productive tasks; and a temperature controlled environment.

(R. 46). Based on this RFC, the ALJ found that Ms. Morgan cannot perform her past relevant work as a conveyor feeder. (R. 49). Relying on testimony from a vocational expert, the ALJ concluded that through her date last insured, jobs existed in the national economy that Ms. Morgan could perform, including night cleaner. (R. 50-51). Accordingly, the ALJ determined that Ms. Morgan has not been under a disability as defined in the Social Security Act, from July 13, 2009, through December 31, 2014, the date last insured. (R. 51).

## IV. DISCUSSION

Ms. Morgan argues that the court should reverse and remand the Commissioner's decision for four reasons: (1) the ALJ failed to properly determine the date of disability pursuant to Social Security Ruling 83-20; (2) the ALJ failed to properly evaluate Ms. Morgan's fibromyalgia under Social Security Ruling 12-

4

2p; (3) the ALJ's RFC finding is conclusory and violated SSR 96-8a; and (4) the Appeals Council failed to show in its written denial that it adequately evaluated new evidence. The court addresses each issue in turn.

### A. Expert Testimony Pursuant to *SSR 83-20*

Ms. Morgan argues that the ALJ failed to comply with SSR 83-20 because he did not obtain expert testimony to determine the date she became disabled. (Doc. 14 at 23). According to SSR 83-20, "[i]n addition to determining that an individual is disabled, the decisionmaker must also establish the onset date of disability." SSR 83-20, 1983 WL 31249, at *1. To determine the onset date for disabilities of nontraumatic origin, an ALJ considers "the applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity." *Id.* at *2. Social Security Ruling 83-20 contemplates that an ALJ "should" consult a medical advisor where "it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred sometime prior to the date of the first recorded medical examination," and with respect to malignant neoplastic disease, "[t]o establish onset of disability prior to the time a malignancy is first demonstrated to be inoperable or beyond control by other modes of therapy." *Id.* at 3.

Setting aside that Ms. Morgan does not identify how her case fits into one of these two categories, she acknowledges in her brief that in an unpublished

5

decision, the Eleventh Circuit has found that SSR 83-20 requires an ALJ "to obtain a medical expert in certain instances to determine a disability onset date after a finding of disability." (Doc. 14 at 24, quoting *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 776 (11th Cir. 2010)); *see also Caces v. Comm'r, Soc. Sec. Admin.*, 560 F. App'x 936, 939 (11th Cir. 2014) ("The plain language of SSR 83-20 indicates that it is applicable only after there has been a finding of disability and it is then necessary to determine when the disability began.").

The ALJ found that Ms. Morgan is not disabled. (R. 51). Therefore, SSR 83-20 does not apply. *See Caces*, 560 F. App'x at 939; *Klawinski*, 391 F. App'x at 776.

B.     *Evaluation of Fibromyalgia Pursuant to SSR 12-2p*

Ms. Morgan argues that the ALJ did not properly evaluate her fibromyalgia under SSR 12-2p. The court finds that Ms. Morgan has abandoned her argument on this point. "[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). "[A]n appellant's brief must include an argument containing appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) (quotation marks omitted).

Ms. Morgan's brief expressly identifies an argument with respect to the ALJ's consideration of her fibromyalgia under SSR 12-2p. The summary of the ALJ's purported errors of law (doc. 14 at 2) and one numbered section of her brief (*id.* at 26) state that she is challenging the ALJ's analysis of her fibromyalgia under SSR 12-2p. But the brief does nothing more.

In support of her argument that the ALJ did not follow SSR 12-2p, Ms. Morgan block quotes from one Eleventh Circuit decision (that pre-dates SSR 12-2p) and two unpublished district court decisions. (*See* Doc. 14 at 26-29; *see also* Doc. 17 at 4-6). She also summarizes briefly another unpublished district court decision. (Doc. 14 at 29; Doc. 17 at 6). Ms. Morgan identifies no specific error with the ALJ's consideration of her fibromyalgia, and she fails to explain why she believes the ALJ's evaluation of her fibromyalgia runs afoul of SSR 12-2p. (*See* Doc. 14 at 26-29).

This sort of perfunctory argument gives neither the Commissioner nor the court any guidance about Ms. Morgan's argument aside from the fact that she asserts the existence of an error. *See Singh*, 561 F.3d at 1278 ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue . . . ."); *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either

makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). Nor does Ms. Morgan's reply brief remedy the deficiencies of her initial brief. (*See* Doc. 17 at 4-6).

Because Ms. Morgan's briefs do not present adequate argument on this issue, the court will not address it.

### C. *The ALJ's RFC Determination Complies with SSR 96-8*

The RFC describes the types of work that a claimant may perform despite limitations caused by his impairments. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004) (citing 20 C.F.R. § 404.1545(a)). The ALJ determined that Ms. Morgan can perform a range of light work with a number of postural, exertional, and environmental limitations. (R. 46).

Ms. Morgan argues that the ALJ's RFC determination is not supported by substantial evidence because the RFC is conclusory and does not comply with SSR 96-8p. (Doc. 9, pp. 25-30). The court disagrees.

SSR 96-8p states that:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material

> inconsistencies or ambiguities in the evidence in the case record were considered and resolved.
>
> . . .
>
> The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence.
>
> . . .
>
> The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted).

> The ALJ explained that he
>
> considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. §§ 404.1520 and 416.920 and SSR 96-4p.

(R. 46). In addition to medical and objective evidence, the ALJ considered formal medical opinions, Ms. Morgan's treatment history, and her testimony about her alleged limitations. (R. 46-49). The ALJ's decision sufficiently demonstrates that he considered all of the relevant evidence in arriving at his RFC determination. *See Carson v. Comm'r of Soc. Sec.*, 440 F. App'x 863, 864 (11th Cir. 2011) ("Following [SSR 96-8p's] rubric, the ALJ fully discussed and evaluated the medical evidence, [the claimant's] testimony, and the effect each impairment has on [the claimant's] daily activities."); *Freeman v. Barnhart*, 220 F. App'x 957, 960

(11th Cir. 2007) ("[T]he ALJ complied with SSR 96-8p by considering [the claimant's] functional limitations and restrictions and, only after he found none, proceeding to express her residual functional limitations in terms of exertional levels.").

Ms. Morgan does not challenge the ALJ's evaluation of the medical evidence. Rather, she suggests that the ALJ's RFC is not supported by substantial evidence because the ALJ was required to rely on a physical capacities assessment from a treating or examining physician. (*See* Doc. 14 at 31-32, citing *Thomason v. Barnhart*, 34 F. Supp. 2d 1326 (N.D. Ala. 2004) and *Coleman v. Barnhart*, 264 F. Supp. 2d 1007 (S.D. Ala. 2003)). Ms. Morgan's argument is not persuasive. The RFC determination is an issue reserved to the Commissioner, and although an ALJ will consider medical source opinions in reaching that determination, an ALJ is not required to base her RFC finding on the opinion of a physician. *See* 20 C.F.R. §§ 404.1527(d)(2); 404.927(d)(2); *Castle v. Colvin*, 557 F. App'x 849, 853-54 (11th Cir. 2014) (substantial evidence supported ALJ's RFC determination even though ALJ rejected treating physician's opinion, and the record contained no other physical capacities assessment).

Ms. Morgan also submits that this case is similar to *Walker v. Bowen*, 826 F.2d 941 (11th Cir. 1987), a case in which the Eleventh Circuit found that substantial evidence did not support the Commissioner's finding that the claimant

could perform light work. (Doc. 14 at 32). Ms. Morgan offers no substantive argument regarding why the facts of this case are analogous to *Walker*. (Doc. 14 at 32). And contrary to Ms. Morgan's argument (*see* Doc. 14 at 32), the ALJ's RFC findings are not mere conclusions without analysis. *See supra* p. 9; *see also* R. 46-49.

### D. *New Evidence Before the Appeals Council*

While her case was pending before the Appeals Council, Ms. Morgan submitted additional evidence for the Appeals Council's review. This evidence includes: (1) results of an MRI of Ms. Morgan's thoracic spine, dated August 16, 2016; (2) mental health treatment notes, dated April 12, 2016 through July 14, 2016; and (3) results from a June 8, 2016 neuropsychological evaluation performed by Dr. Adam Tyler Gerstenecker. (R. 11-12, 20-26, 57-61). With respect to this evidence, the Appeals Council explained:

> The Administrative Law Judge decided your case through December 31, 2014. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 31, 2014.

(R. 2). Ms. Morgan argues that the Appeals Council did not properly review her new evidence because the Appeals Council "claims to have considered the new evidence, but it offers no material basis for affirming the decision." (Doc. 14 at 33; *see also* Doc. 17 at 10). Ms. Morgan contends that the Appeal Council's review of her additional evidence was "purely conclusory" and "epitomizes

'perfunctory adherence' to the ALJ[']s decision." (Doc. 14 at 33, citing *Epps v. Harris*, 624 F.2d 1267 (5th Cir. 1980) and *Bowen v. Heckler*, 748 F.2d 629 (11th Cir. 1984)).

Where the Appeals Council considers new evidence but declines a claimant's request for review, as Ms. Morgan acknowledges occurred in this case (*see* Doc. 14 at 33), the Appeals Council is not required "to provide a detailed discussion of a claimant's new evidence when denying a request for review." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782-83 (11th Cir. 2014); *Parks ex rel D.P. v. Comm'r of Soc. Sec. Admin.*, 783 F.3d 847, 852 (11th Cir. 2015) ("The Appeals Council stated that it considered the new evidence that Parks submitted, and the Appeals Council added the evidence to the record. The Appeals Council is not required to do more.").

Accordingly, the court finds that the Appeals Council was not required to provide a detailed explanation for why the new evidence that Ms. Morgan submitted does not change the ALJ's decision.

## V. CONCLUSION

For the reasons explained above, the court concludes that the Commissioner's decision is supported by substantial evidence, and the Commissioner applied proper legal standards in reaching the determination.

Therefore, the Court **AFFIRMS** the Commissioner's final decision. The Court will enter a separate order consistent with this memorandum opinion.

    **DONE** and **ORDERED** this April 3, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE